■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELROY ROBERT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered December 9, 1987, convicting him of criminal sale of a controlled substance in the third degree and unlawful possession of marihuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain physical evidence and a statement made by him to law enforcement authorities.

Ordered that the judgment is reversed, on the law, those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him are granted, and a new trial is ordered. No questions of fact have been raised or considered.

In the case at bar, the defendant, after allegedly consummating a drug transaction with an undercover police officer, entered his home ignorant of the fact that he was about to be arrested and before the police backup team had arrived at the scene. It was only in response to a knocking at the door that he opened the door a "crack" in order to peer out to see who was there. As he did so, the police pushed their way in past the door, rushed into the hallway of the building, and thereafter arrested the defendant in his apartment and recovered the money used to purchase the drugs and the cocaine. At all times, he was within the apartment building in which he had a reasonable expectation of privacy (see, People v Lott, 102 AD2d 506; People v McCurdy, 86 AD2d 493, 497-498; see also, People v Levan, 62 NY2d 139, 144-145). He was not standing on the threshold of the door holding himself out to the public as the defendant did in United States v Santana (427 US 38).

We conclude that although the police had probable cause to arrest the defendant (see, People v Anderson, 146 AD2d 638, 639), the entry by the police into the building in which the defendant resided was unlawful and not justified by any existing exigent circumstances (see, Payton v New York, 445 US 573). Therefore, the evidence obtained by the police subsequent to their unjustified entry must be suppressed as the product of an illegality, as should the marihuana recovered at the police station after the defendant was arrested (People v Levan, supra, at 146; People v Lott, supra). Further, since it cannot be said that the introduction of the physical evidence and of the defendant's oral statements when the police pushed through the doorway did not contribute to the finding of guilt,

the judgment of conviction must be reversed *(People v Crimmins,* 36 NY2d 230, 237).

In light of our determination the parties' remaining contentions are not addressed. Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.