THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DeQUINCEY SAUNDERS, Appellant.—Judgment unanimously reversed on the law and indictment dismissed. Memorandum: Defendant's motion to suppress the physical evidence seized from the vehicle and from the luggage located on the rear seat should have been granted because the New York State Trooper lacked probable cause to conduct the warrantless search of the vehicle and its contents (see, People v Guzman, 153 AD2d 320). There is no merit to the People's contention that the search was authorized because the passenger who had custody of the vehicle voluntarily consented to the search. The Trooper asked the passenger whether there was any contraband in the vehicle; the passenger said that there was not and told the trooper to "go ahead and look if you want". On this record, the passenger's permission to look in the vehicle did not amount to consent to search the vehicle and the luggage located therein (see, People v Lazarus, 159 AD2d 1027; People v Guzman, supra). (Appeal from judgment of Oneida County Court, Buckley, J.—criminal possession of

controlled substance, second degree.) Present—Denman, J. P., Boomer, Pine, Davis and Lowery, JJ.