■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARIF SHAKOOR, Appellant.—Judgment, Supreme Court, New York County (Bernard H. Jackson, J., at trial and *Huntley* hearing), rendered March 29, 1990, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the second degree, and sentencing him as a predicate felony offender, to concurrent terms of imprisonment of from 4 to 8 years and from 8 years to life, respectively, unanimously affirmed.

Defendant was arrested as he was fleeing from a crowd in the company of codefendant who was brandishing a loaded and cocked .357 magnum when the police arrived on the scene. They immediately ordered defendant and codefendant to stop and directed codefendant to drop his weapon. Defendant thereupon threw down the black duffel bag he was carrying. In the unzipped bag, a .25 caliber gun, loaded and in a cocked position with one bullet in the chamber, was found, in addition to a pair of handcuffs, two rolls of duct tape, two hats, a letter addressed to defendant and an address book with the name Sharif on the inside cover. Additional bullets were found in defendant's possession. In the police car en route to the precinct, after being advised of his rights, defendant stated that he was "Robin Hood", who stole from the "Dominicans to give to the blacks." At the precinct, defendant said that the arresting officers were "punks" and that he would kill them next time.

Viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that defendant's possession of the bag provided ample evidence from which the jury could infer the requisite intent to prove criminal possession of a weapon in the second degree. Moreover, while defendant now argues that the statements and the items in the bag should not have been admitted into evidence because they were irrelevant to the crimes charged and were unduly prejudicial, he never objected to them on those grounds at trial, and therefore failed to preserve the issue for appellate review (CPL 470.05 [2]; *People v Tutt,* 38 NY2d

1011). Similarly unpreserved is defendant's contention that his statements were inadmissible as the direct result of an arrest made without probable cause, since, here too, defendant did not move to suppress the statements on those grounds, thus presenting us with a suppression record inadequate to permit appellate review of his claim *(People v Kinchen,* 60 NY2d 772). Nor can the trial record be reviewed to determine the suppression issue *(People v Giles,* 73 NY2d 666). Concur—Murphy, P. J., Carro, Rosenberger, Ross and Rubin, JJ.