■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN CHURCH, Appellant. [630 NYS2d 16] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered June 10, 1992, convicting defendant, after jury trial, of criminal possession of a controlled substance in the second degree, three counts of criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the third degree, criminal use of drug paraphernalia in the second degree, and resisting arrest, and sentencing him, as a second felony offender, to concurrent terms of imprisonment of from 10 years to life on the second degree narcotics possession count, 8 to 16 years on each of the third degree narcotics possession counts, $3^1/2$ to 7 years on the third degree weapons count, and 1 year each on the drug paraphernalia and resisting arrest counts, unanimously affirmed.

Responding to a report of shots fired in the general vicinity, uniformed officers noticed defendant, dressed completely in black, standing on the front steps of 2484 Seventh Avenue in the Borough of Manhattan. Over a 20 minute period, 10 people were observed to separately approach defendant and briefly speak with him. Each then accompanied defendant into the vestibule of the building where they engaged in hand gestures. While the observing officer was unable to see either money or any particular item being exchanged, he believed drug transactions to be taking place and notified other police officers near the location. As one of them drove his car, without any lights on, up to the front of the building, defendant, now standing on the sidewalk in front of the building, saw the uniformed officer and ran into the vestibule. Defendant was observed entering an apartment on the third or fourth floor where the four police officers who had responded to the initial report of shots fired converged.

With the consent of the tenant in the neighboring apartment, two officers climbed onto the common fire escape landing, from which they were able to see a quantity of crack vials, clear plastic bags, a scale and other drug paraphernalia on a table. They entered through the window, ascertained that defendant was not there, and proceeded to open the door to let in the other two officers. As they did so, they saw a gun, some

money, hundreds of vials of what they believed to be crack, and several hundred glassine envelopes of what they believed to be heroin on a sofa near the front door. While they were waiting for their commanding officer to arrive at the scene, defendant unlocked the door to the apartment and entered slowly. When ordered to stop, he instead punched one of the officers and fled. He was seized on the stairway, and the key he used to gain entry was recovered. 533 vials of crack and 251 glassine envelopes containing heroin were found in plain view in the apartment, together with a Department of Motor Vehicles suspension notice belonging to defendant. Two jewelry receipts were recovered from defendant's person.

Defendant initially argues that his seizure was unlawful and, therefore, demands suppression of all the physical evidence recovered from the apartment and his person. No evidence regarding the recovery of the personal documents was adduced at the suppression hearing, and defendant cannot rely on the trial transcript to support any of his suppression claims (*People v Giles*, 73 NY2d 666). Thus, defendant has failed to present an adequate record upon which this Court may determine the issue raised on appeal (*People v Kinchen*, 60 NY2d 772; *People v Shakoor*, 178 AD2d 150, *lv denied* 79 NY2d 864; *People v Jones*, 81 AD2d 22, 43). Furthermore, because defendant failed to specifically challenge the propriety of his pursuit, this claim is unpreserved for review on appeal (*People v Martinez*, 203 AD2d 212, 213). In any event, the observation by an experienced narcotics officer of a defendant engaging in "hand motions", which he believed to be drug transactions, at nighttime, provides a founded suspicion that criminal activity is afoot (*People v Rivera*, 175 AD2d 78, *lv denied* 78 NY2d 1129). Defendant's flight at the approach of a police officer gives rise to a reasonable suspicion that a drug crime has been or is about to be committed, justifying the pursuit of the suspect (*People v Sierra*, 83 NY2d 928, 930).

The evidence recovered from the apartment was in plain sight and observed by officers who were lawfully on the fire escape with the permission of the adjoining tenant. The ensuing search of the room and security check of the premises, resulting in the discovery of additional contraband and the weapon, did not violate defendant's Fourth Amendment rights (*People v Paez*, 202 AD2d 239, *lv denied* 84 NY2d 871). Moreover, when defendant unlocked the door with his own key and entered the premises where drugs, paraphernalia and a gun were in plain view, only minutes after he was seen engaging in potential drug sales, there was probable cause to arrest him

(*People v Martinez*, 207 AD2d 695, *lv denied* 84 NY2d 1035), and any ensuing search of his person was lawful as a search incident to arrest.

Defendant's challenge to the sufficiency of the evidence regarding his knowledge of the weight of the controlled substance (*People v Ryan*, 82 NY2d 497) is not preserved for our review (*People v Hill*, 85 NY2d 256). Defendant raised no objection to the instruction given to the jury so as to afford the court the opportunity to cure any error (*People v Gray*, 86 NY2d 10, *affg People v Ivey*, 204 AD2d 16), and we decline to reach the issue in the interest of justice (CPL 470.15 [3]).

Defendant's contention that the People's failure to call one of the officers at the scene warrants a missing witness charge is without merit. The officer did not testify before the Grand Jury or at the *Mapp* hearing and was not on the People's witness list. We agree with Supreme Court that the defense request for the instruction after both sides rested does not comport with the requirement of *People v Gonzalez* (68 NY2d 424, 428) that it be made "as soon as practicable * * * to avoid 'substantial possibilities of surprise' " (quoting McCormick, Evidence § 272, at 806 [3d ed]). We further agree with the observation that the proposed witness played a minor role in the arrest and find no reason to disturb the ruling that his evidence would have been merely cumulative (*People v Ortiz*, 193 AD2d 449, *affd* 83 NY2d 989). Concur—Ellerin, J. P., Rubin, Ross, Nardelli and Williams, JJ.