OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 On March 25, 1990, Officer Calderin and his partner received a radio transmission that two males were involved in a dispute, possibly about drugs, in a second floor apartment at 174 West 141st Street in Manhattan. As Calderin arrived at the specified building, he observed defendant, whom he recognized as a resident from prior encounters, climb out of a second story window and onto the fire escape. Calderin then heard a metallic noise of an object hitting the fire escape just before defendant began climbing up.
 

 Calderin informed the other officers at the scene of what he had seen and then obtained permission to access the fire escape from the occupants of the third floor apartment situated above the window from which defendant had emerged. When Calderin descended to the second floor landing of the fire escape, he observed a .22 caliber handgun outside a window of the second floor apartment. The gun contained six rounds of live ammunition.
 

 Calderin then looked through the open, uncurtained window and observed, in plain view, a white powder-like substance, later identified as cocaine, on a mirror, in plastic bags and in vials. He also observed empty vials and two scales. Accompanied by another officer, Calderin entered the apartment through the open window to search for armed individuals since at least two disputants had been reported. As the officers moved through the premises, they noted that the television and the videocassette recorder were on, signaling potential occupants, and Calderin noticed photographs of the defendant and his girlfriend taped to a mirror. The photographs, contraband and drug paraphernalia were seized.
 

 Defendant’s pretrial motion to suppress the items seized from the apartment was properly denied. The record supports
 
 *1007
 
 the finding of the trial court that Officer Calderin had reasonable suspicion to investigate the fire escape when, upon hearing a radio report of a dispute between two men, possibly over drugs, he observed the defendant exit his apartment through a window and flee up the fire escape, and heard a metallic thud of an object falling to the fire escape landing.
 

 The record also supports the finding that defendant had a diminished expectation of privacy in the fire escape outside of his window, an open area subject to the common use of the tenants in the building. Given defendant’s lack of exclusive control over the use of the fire escape and the trial court’s finding that no effort had been made by the defendant to maintain any privacy on the area of the fire escape outside of his apartment window
 
 (see, People v Rodriguez,
 
 69 NY2d 159, 162;
 
 United States v Arboleda,
 
 633 F2d 985, 990-992,
 
 cert denied
 
 450 US 917) the officer’s descent from the third to second floor level via the fire escape to conduct an investigation, supported by reasonable suspicion, did not violate the Fourth Amendment.
 

 The record further supports the finding that the officer had reason to make an investigation of the scene and, given the facts, probable cause to enter the apartment once he discovered a loaded handgun on the fire escape and observed in plain view, through the open uncurtained window, what appeared to be contraband and drug paraphernalia. Given the discovery of the loaded handgun and the radio report of two men involved in a dispute, the trial court’s determination that exigent circumstances justified a warrantless entry into the apartment, in order to avert the threat of danger to the police officers on the scene, was also supported by the record.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed in a memorandum.