■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRELL LOVE, Appellant. [710 NYS2d 491] —Judgment unanimously affirmed. Memorandum: Supreme Court properly denied defendant's motion to suppress physical evidence. The court's findings of credibility are entitled to great weight and should not be disturbed where, as here, they are supported by the record (see, People v Prochilo, 41 NY2d 759, 761; People v Little, 259 AD2d 1031, lv denied 93 NY2d 926). The court properly determined that defendant gave police permission to "check" his residence for suspects or victims of an attempted burglary and that the police did not exceed the scope of that authority when they observed cocaine on a kitchen counter. While consent to "check" is not consent to search (see, e.g., People v Saunders, 161 AD2d 1202; People v Lazarus, 159 AD2d 1027, lv denied 76 NY2d 738; People v Guzman, 153 AD2d 320, 323-324, lv granted 75 NY2d 926), we conclude that the police did not conduct a search. Rather, the police were lawfully present in the kitchen where they observed the drugs in plain view (see, People v Diaz, 81 NY2d 106, 110; People v Spoto, 187 AD2d 1017, lv denied 81 NY2d 893). (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.— Criminal Possession Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Pine, Hurlbutt and Lawton, JJ.