■ The People of the State of New York, Appellant, v Jon Hall, Respondent. [828 NYS2d 740]—

Appeal from an order of the Erie County Court (Michael L. D'Amico, J.), entered May 5, 2006. The order granted those parts of defendant's omnibus motion seeking to suppress certain tangible evidence and statements.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed and the indictment is dismissed.

Memorandum: The People appeal from an order granting those parts of the omnibus motion of defendant seeking to suppress tangible evidence seized from his car and statements he made to police after his arrest. We affirm. Police officers stopped a vehicle driven by defendant and, upon searching the trunk of the vehicle and seizing a handgun found there, placed defendant under arrest. Defendant thereafter made statements to police and a later search of the vehicle resulted in the seizure of another weapon and a small amount of cocaine.

Contrary to the contention of the People, County Court properly determined that they failed to meet their burden at the suppression hearing of establishing that defendant voluntarily consented to the initial search of the trunk of his vehicle. At a hearing upon a motion to suppress, the People have a heavy burden of establishing that a suspect voluntarily consented to a search (see People v Gonzalez, 39 NY2d 122, 128 [1976]; People v Whitehurst, 25 NY2d 389 [1969]; People v Barreras, 253 AD2d 369, 374 [1998]) and that the search did not exceed the scope of the consent. Here, the evidence in the record is equivocal on the issues of whether defendant consented to the search and, if so, the scope of that consent. " 'The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of "objective" reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the suspect?' " (People v Gomez, 5 NY3d 416, 419

[2005], quoting *Florida v Jimeno*, 500 US 248, 251 [1991]). The People failed to prove the substance of the conversation between defendant and the police officers, and the court was therefore unable to determine what a reasonable person would have understood from the exchange. In addition, even if we accept either version of the conversation presented at the hearing as the operative one, the People established only that the officers asked defendant if they could check the vehicle or look in the vehicle. Consent to check or look in a vehicle is not consent to search it (*see People v Love*, 273 AD2d 842 [2000]; *People v Saunders*, 161 AD2d 1202 [1990]; *People v Lazarus*, 159 AD2d 1027 [1990], *lv denied* 76 NY2d 738 [1990]). We thus conclude that the court properly suppressed the handgun seized from the trunk of the vehicle. We further conclude that the court properly suppressed the subsequent statements made by defendant to police and the evidence thereafter seized from the vehicle (*see generally Wong Sun v United States*, 371 US 471, 487-488 [1963]).

The People's further contention, that defendant's consent was not necessary because the police had probable cause to search the vehicle, was never advanced before the suppression court and, therefore, may not be considered here (*see People v Parris*, 83 NY2d 342, 350-351 [1994]). Present—Hurlbutt, J.P., Smith, Centra and Pine, JJ. [*See* 12 Misc 3d 1153(A), 2006 NY Slip Op 50886(U) (2006).]