THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY DOBSON, Respondent. [838 NYS2d 128]—

Appeal by the People from an order of the Supreme Court, Queens County (Grosso, J.), dated June 19, 2006, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the order is affirmed.

The defendant was a passenger in a vehicle stopped by police after it was observed making an illegal U-turn. As officers approached, the defendant was observed "putting something in the back, down the seat, down his pants." The defendant was removed from the vehicle and patted down for weapons. During the pat-down, an officer observed "[a] piece of like plastic, like a bag sticking out from the back of [the defendant's] like pants, waistband." The officer testified that, based on her academy training as to the "identification of narcotics and the packaging," and her experience from prior arrests that "drugs are packaged in [ ] plastic bags, in that kind of form, that way," she believed that the bag would contain narcotics and "pulled it out." It was later determined that the bag contained crack cocaine. The hearing court granted that branch of the defendant's motion which was to suppress this evidence. We affirm.

Contrary to the People's contention on appeal, the seizure of the crack cocaine cannot be sustained under the plain view doctrine. While the stop of the vehicle was lawful, and the removal and protective pat-down of the defendant was authorized and justified under the circumstances (*see People v Mundo,* 99 NY2d 55 [2002]; *People v Robinson,* 97 NY2d 341 [2001]; *People v Batista,* 88 NY2d 650 [1996]), the crack cocaine was not in plain view (*see People v Bell,* 9 AD3d 492 [2004]; *People v Johnson,* 241 AD2d 527 [1997]). Rather, it was revealed only after the plastic bag containing it was pulled from the defendant's waistband. "The plain view doctrine, it must be emphasized, establishes an exception to the requirement of a warrant not to search for an item, but to seize it" (*People v Diaz,* 81 NY2d 106, 110 [1993]; *see also Horton v California,* 496 US 128 [1990]). Here, the seizure of the crack cocaine may only be upheld under the plain view doctrine if the plastic bag, by its very nature, could not support any reasonable expectation of privacy because its content could be inferred from its outward appearance, or if the distinctive configuration of the bag proclaimed its contents (*see People v Bell, supra; People v Aqudelo,* 150 AD2d 284 [1989]; *see also Robbins v California,* 453 US 420 [1981]; *Arkansas v Sanders,* 442 US 753 [1979]). The testimony presented at the hearing, which was extremely broad and generalized, failed to establish that either factor was present. Thus, suppression was properly granted. Miller, J.P., Ritter, Santucci and Florio, JJ., concur.