The People of the State of New York, Respondent, v Franklin Hughes, Appellant. [921 NYS2d 300]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Peck, J.), rendered July 8, 2009, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant asserts that his convictions of criminal possession of a weapon in the second degree (*see* Penal Law § 265.03 [3]), and criminal possession of a weapon in the third degree (*see* Penal Law § 265.02 [1]), must be reversed because the statutes under which he was convicted violate the United States Constitution as well as Civil Rights Law § 4. Contrary to the People's contention, under the particular circumstances of this case, the defendant properly preserved his constitutional challenges for appellate review by raising them in his postverdict motion pursuant to CPL 330.30 (*cf. People v Gibian,* 76 AD3d 583, 587 [2010]; *see generally People v Padro,* 75 NY2d 820 [1990]).

The defendant correctly observes that, in *District of Columbia v Heller* (554 US 570 [2008]), the Supreme Court of the United States (hereinafter the Supreme Court) held that the Second Amendment to the United States Constitution confers a constitutionally protected individual right to keep and bear arms for self-defense in the home. Moreover, the Supreme Court has held that this Second Amendment right is "fully applicable to the States" (*McDonald v City of Chicago,* 561 US —, —, 130

S Ct 3020, 3026 [2010]). However, the rights conferred under the Second Amendment are not unlimited (*see District of Columbia v Heller*, 554 US at 626). For example, the Supreme Court stated in *Heller* that nothing in that opinion "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms" (*id.* at 626-627).

Here, the challenged statutes are Penal Law § 265.02 (1) and § 265.03 (3). Penal Law § 265.02 (1) provides that "[a] person is guilty of criminal possession of a weapon in the third degree when . . . [s]uch person commits the crime of criminal possession of a weapon in the fourth degree as defined in subdivision one, two, three or five of section 265.01, and has been previously convicted of any crime." Penal Law § 265.03 (3) provides that "[a] person is guilty of criminal possession of a weapon in the second degree when . . . such person possesses any loaded firearm. Such possession shall not, except as provided in subdivision one or seven of section 265.02 of this article, constitute a violation of this subdivision if such possession takes place in such person's home or place of business." Thus, these sections, as relevant here, criminalize the possession of a firearm (*see* Penal Law § 265.02 [1]) or a loaded firearm (*see* Penal Law § 265.03 [3]), even in the home, where the defendant has previously been convicted of "any crime." Critically, this is not an absolute ban on the possession of firearms. We agree with the Appellate Division, Third Department, that, "[u]nlike the statute at issue in *Heller*, Penal Law article 265 does not effect a complete ban on handguns and is, therefore, not a 'severe restriction' improperly infringing upon defendant's Second Amendment rights" (*People v Perkins*, 62 AD3d 1160, 1161 [2009]). Instead, as relevant to the discussion here, the statutes represent a policy determination by the Legislature that "an illegal weapon is more dangerous in the hands of a convicted criminal than in the possession of a novice to the criminal justice system" (*People v Montilla*, 10 NY3d 663, 666 [2008]). We also note that the Penal Law defines a "crime" as "a misdemeanor or a felony" (Penal Law § 10.00 [6]) and, thus, lesser matters such as violations and traffic infractions do not fall within the ambit of the challenged statutes. Contrary to the defendant's contention, we conclude that this statutory scheme is not unconstitutionally overbroad merely because it restricts the Second Amendment and Civil Rights Law § 4 rights of those who have been convicted of "any crime." Rather, this statutory scheme is consistent with the Supreme Court's determination

in *Heller* that, although individuals may have the constitutional right to bear arms in the home for self-defense, this right is not unlimited and may properly be subject to certain prohibitions (*see District of Columbia v Heller*, 554 US at 626). Accordingly, the challenged statutes do not violate the Second Amendment or Civil Rights Law § 4, and they are not unconstitutionally overbroad.

The defendant's contentions raised in Points II, V, and VI in his brief are without merit. His contentions raised in Point III of his brief are unpreserved for appellate review. Covello, J.P., Angiolillo, Dickerson and Roman, JJ., concur.