■ The People of the State of New York, Appellant, v Harold Jones, Respondent. [959 NYS2d 73]—

Order, Supreme Court, New York County (Richard D. Carruthers, J.), entered on or about March 2, 2011, which, inter alia, reduced a count charging criminal possession of a weapon in the second degree to criminal possession of a weapon in the third degree, unanimously reversed, on the law, and the charge of second-degree weapon possession is reinstated. Appeal from order, same court and Justice, entered on or about June 15, 2011, which effectively granted reargument and, upon reargument, adhered to its March 2, 2011 order, unanimously dismissed as academic. Appeal from order, same court and Justice, entered on or about March 10, 2011, unanimously dismissed as nonappealable.

The court erred in reducing the charge to third-degree weapon possession on the basis of the "home or place of business" exception (Penal Law § 265.03 [3]). The indictment properly charged defendant with second-degree possession, since Penal Law § 265.03 (3), by referencing Penal Law § 265.02 (1), criminalizes the possession of a loaded firearm, even in the home, where a defendant has previously been convicted of any crime (*see People v Hughes*, 83 AD3d 960 [2d Dept 2011], *lv granted* 19 NY3d 961 [2012]). The People properly charged the prior conviction by way of a special information (*see* CPL 200.60), and defendant's arguments to the contrary are without merit. Concur—Friedman, J.P., DeGrasse, Richter, Abdus-Salaam and Feinman, JJ.