OPINION OF THE COURT
Richard M. Platkin, J.
This action was filed by plaintiffs David Mongielo, John Vidurek, Gerard Aprea and Tony Futia.[1] Plaintiffs challenge the New York Secure Ammunition and Firearms Enforcement Act of 2013 (NY SAFE Act) (L 2013, ch 1), as well as other New York State laws regulating the sale, possession and use of firearms and ammunition, including Penal Law articles 265 and 400. Defendants Governor Andrew Cuomo, the New York State Senate and the New York State Assembly move for dismissal of plaintiffs’ complaint[2] pursuant to CPLR 3211 (a) (7).[3]
Background
Plaintiffs are suing the Governor, the Senate and the Assembly “for dereliction of duty, abuse of power, conspiracy to disarm the people [and] for declaratory judgment, with enforcement, regarding a long train of abuse and usurpation of the peoples’ unalienable right to bear arms” (complaint, preamble). Plaintiffs contend that defendants have violated their federally protected rights through the enactment of legislation regulating the sale, possession and use of firearms and ammunition (id. ¶ 19). While the complaint focuses particularly on the enactment of the NY SAFE Act, plaintiffs also challenge Penal Law articles 265 and 400 and all other similar state laws. According to plaintiffs, these measures “prevent people from defending themselves” (id. ¶¶ 24-26) and are “repugnant to the Second *364 Amendment, and therefore are null and void” (id. ¶ 27). Plaintiffs further allege that the state’s firearms laws violate the Fourth Amendment and their right to privacy, and that defendants’ enactment of these laws represents “high treason” in violation of the Fifth Amendment (id. ¶¶ 35-36, 75).
Belatedly, plaintiffs assert that state statutes are not laws (complaint 1i1i 37-42), and that the common law is the “real law” (id. ¶¶ 45-49). According to plaintiffs, state lawmakers have no authority to enact legislation regulating the conduct of New Yorkers; “the people are sovereign and therefore are not subject to statutes” (id. ¶ 70). Thus, in addition to attacking the state’s firearms laws, defendants also are alleged to “have deceived the people to believe that statutes are law. Statutes are not the law of the land” (id. ¶ 95).
As stated above, plaintiffs’ fundamental contention is that New York State has no authority to license or restrict firearms (see e.g. complaint ¶ 72). Accordingly, plaintiffs allege that the courts have a duty under the common law to compel the Governor and state legislature “to clearly and completely inform the people that they have a right to purchase and own firearms without permission” and to require them to “make provisions for responsible firearm sales without a permit immediately” (id. ¶ 186). Plaintiffs seek a judgment that, among other things, compels the Governor, the Senate and the Assembly to each “call[ ] a press conference to proclaim publicly that [Penal Law articles 265 and 400] and the recent New York Safe Act is pretend law . . . and therefore is immediately null and void” (complaint, wherefore clause).
Analysis
On a motion to dismiss made pursuant to CPLB 3211 (a) (7), “the court must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide plaintiff the benefit of every possible inference” (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]). The court’s “sole criterion is whether the pleading states a cause of action” (Polonetsky v Better Homes Depot, 97 NY2d 46, 54 [2001] [internal quotation marks omitted]). However, the court need not “accept as true legal conclusions” (1455 Washington Ave. Assoc. v Rose & Kiernan, 260 AD2d 770, 771 [3d Dept 1999]).
The Second Amendment to the United States Constitution reads as follows: “A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.” In alleging that the Second Amendment prohibits the State from enacting legislation *365 regulating the sale, possession and use of firearms and ammunition, the complaint raises a facial challenge to New York’s firearms laws, including the NY SAFE Act and Penal Law articles 265 and 400. Indeed, plaintiffs’ submissions do not challenge any particular provision or aspect of these laws, but rather allege generally that these enactments of the state legislature are “repugnant to the Second Amendment, and therefore are null and void” (complaint ¶ 27).
“Duly enacted statutes enjoy a presumption of constitutionality [and] a party who asserts that a statute is facially unconstitutional must demonstrate beyond a reasonable doubt that the statute suffers from wholesale constitutional impairment” (People v Davis, 13 NY3d 17, 23-24 [2009] [internal quotation marks and citations omitted]). However, in maintaining that the state’s entire body of law governing the sale, possession and use of firearms and ammunition is “immediately null and void,” plaintiffs’ claim is refuted directly by precedent of the United States Supreme Court, the Appellate Divisions of the New York State Supreme Court and the United States Court of Appeals for the Second Circuit.
In District of Columbia v Heller (554 US 570 [2008]), the United States Supreme Court held that District of Columbia laws banning the possession of usable handguns in the home violated the Second Amendment. However, the Supreme Court emphasized that “the right secured by the Second Amendment is not unlimited” (id. at 626). Thus, the Supreme Court cautioned that nothing in its decision “should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms” (id. at 626-627). Indeed, the Supreme Court characterized these as examples of “presumptively lawful regulatory measures” (id. at 627 n 26). Plaintiffs’ facial challenge to the NY SAFE Act and Penal Law articles 265 and 400 encompasses many of the “longstanding” and “presumptively lawful” measures identified in Heller (see e.g. Penal Law §§ 400.00 [1] [restrictions on possession of firearms by felons and the mentally ill]; 265.01-a [possession of weapon on school grounds]).
Following the Supreme Court’s decisions in Heller and McDonald v Chicago (561 US —, —, 130 S Ct 3020, 3121 *366 [2010]),[4] the Second Circuit held that Penal Law § 400.00 does not violate the Second Amendment by requiring an applicant to demonstrate “proper cause” to obtain a license to carry a concealed handgun in public (Kachalsky v County of Westchester, 701 F3d 81, 101 [2d Cir 2012]; accord Matter of Kelly v Klein, 96 AD3d 846 [2d Dept 2012]).
Further, in People v Perkins (62 AD3d 1160 [3d Dept 2009]), the Appellate Division, Third Department, the precedent of which is binding upon this court, rejected a Second Amendment challenge to Penal Law article 265, which criminalizes the possession of firearms under certain circumstances (accord People v Hughes, 83 AD3d 960 [2d Dept 2011]).
Given the recent enactment of the NY SAFE Act, the court is not aware of any judicial decisions addressing the constitutionality of its particular provisions, including the ban on certain types of “assault” weapons and “large capacity” magazines. However, as stated above, plaintiffs’ complaint is directed generally at the State’s authority to regulate the sale, possession and use of firearms and ammunition, and it does not challenge any particular provision of the NY SAFE Act or Penal Law articles 265 and 400 or otherwise raise an as-applied challenge. And the precedent cited above conclusively forecloses plaintiffs’ claim that the state’s firearms laws suffer from “wholesale constitutional impairment” (Davis, 13 NY3d at 23-24). As plaintiffs cannot demonstrate that the laws they challenge are unconstitutional in all respects and under all applications, the complaint must be dismissed for failure to state a cause of action (Matter of Moran Towing Corp. v Urbach, 99 NY2d 443, 448 [2003]).[5]
In view of the foregoing, the court need not consider defendants’ alternative contention that this suit challenging the legislative acts of the Governor and the state legislature as violative of federal law is barred by the Speech or Debate Clause of the New York State Constitution (see NY Const, art III, § 11).
Accordingly,[6] it is ordered that plaintiffs’ complaint is dismissed.
*367 This decision and order is being transmitted to the Office of the Attorney General for filing and service, and copies are being transmitted to plaintiffs. All other papers are being transmitted to the Albany County Clerk for filing. The signing of this decision and order shall not constitute entry or filing under CPLR 2220. Counsel are not relieved from the applicable provisions of that section respecting filing, entry and notice of entry.

. While the subject pleading recites that there “are over 800 plaintiffs in this action” only the four named plaintiffs appear in the caption of the complaint and have signed the pleading. Further, the named plaintiffs are not attorneys, and this action is not brought as a class action in accordance with CPLR article 9.

. The pleading is denominated as an “Action at Law,” and plaintiffs also have submitted an “Addendum to Action at Law.” The court will deem these documents to represent plaintiffs’ complaint in this action (see CPLR 3011 [“There shall be a complaint”]).

. Given the comprehensive written submissions of the parties and the clear-cut nature of the legal issues they present, the court concludes that oral argument on the motion would not be beneficial. Accordingly, plaintiffs’ request for oral argument is denied.

. In McDonald, the Supreme Court held that the Fourteenth Amendment incorporates the Second Amendment right recognized in Heller, thereby making it applicable to the states.

. Of course, nothing herein should be construed as addressing the constitutionality of any particular provision of the state’s firearms laws.

. The court has considered plaintiffs’ remaining arguments and contentions, but finds them unavailing.