■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DIXON, Appellant. [967 NYS2d 87]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered August 12, 2010, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that there was legally insufficient proof of his identity (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, the People presented legally sufficient proof of the defendant's identity as the perpetrator (*see People v Gordon*, 65 AD3d 1261 [2009]; *People v Rodgers*, 6 AD3d 464, 465 [2004]; *People v Terrill*, 265 AD2d 587 [1999]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The record, as a whole, demonstrates that the defendant was afforded the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The Supreme Court providently exercised its discretion in sentencing the defendant as a persistent felony offender (*see* Penal Law § 70.10 [2]; *People v Bazemore*, 100 AD3d 915, 915 [2012]; *People v Maxwell*, 22 AD3d 607 [2005]; *People v Perry*, 19 AD3d 619 [2005]). The Supreme Court's conclusion that the nature of the defendant's criminal conduct, his history, and his character warranted extended incarceration and lifetime supervision is supported by the record (*see People v Bazemore*, 100 AD3d at 915; *People v Maxwell*, 22 AD3d at 607; *People v Perry*, 19 AD3d at 619). Further, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Chambers, Austin and Hinds-Radix, JJ., concur.