■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO VELASQUEZ, Appellant. [972 NYS2d 678]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered December 19, 2011, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's motion to suppress physical evidence was properly denied, based on the plain view doctrine, which "rests on the premise that police should be able to seize incriminating evidence in plain view if they had the right to be where they were when they saw it. . . . [L]aw enforcement officers may properly seize an item in 'plain view' without a warrant if (i) they are lawfully in a position to observe the item; (ii) they have lawful access to the item itself when they seize it; and (iii) the incriminating character of the item is immediately apparent"

(*People v Brown*, 96 NY2d 80, 88-89 [2001]; *see People v Diaz*, 81 NY2d 106, 110 [1993]; *see also Horton v California*, 496 US 128, 136-137 [1990]).

Here, the first two criteria were satisfied by the hearing court's factual finding, which is supported by the record, that the defendant's wife consented to the entry by a parole officer and two police officers into the defendant's home and to the opening of a bedroom closet in that home (*see People v Gomez*, 204 AD2d 656, 657 [1994]). With respect to the third criterion, the seizure of a distinctive Smith & Wesson gun box, which was recognized as such by the officers, was justified by the immediately apparent incriminating nature of the box, thus giving the officers probable cause to believe that it contained contraband (*see Texas v Brown*, 460 US 730, 741 [1983]; *United States v Davis*, 690 F3d 226, 235 [4th Cir 2012]).

Moreover, we reject the defendant's argument that he was improperly charged with the class C felony of criminal possession of a weapon in the second degree, because he possessed the loaded firearm in his home. "Where a defendant has been previously convicted of any crime, the possession of a loaded firearm is, per se, a class C felony ['criminal possession a weapon in the second degree,' Penal Law § 265.03 (3)], regardless of whether the possessor possessed the firearm in his or her 'home or place of business' (*see* Penal Law §§ 265.01 [1]; 265.02 [1], [4]). There is no 'exception' " to this rule (*People v Sams*, 19 Misc 3d 1133[A]; 2008 NY Slip Op 50993[U], *2-3 [Sup Ct, NY County 2008]; *see People v Jones*, 103 AD3d 411, 412 [2013]; *People v Hughes*, 83 AD3d 960, 961 [2011], *lv granted* 19 NY3d 961 [2012]). Rivera, J.P., Balkin, Leventhal and Cohen, JJ., concur.