*811 Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered September 9, 2009, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Reichbach, J.), of that branch of the defendant’s omnibus motion which was to suppress his statements to law enforcement officers and identification testimony.
Ordered that the judgment is reversed, on the law, that branch of the defendant’s omnibus motion which was to suppress his statements to law enforcement officers and identification testimony is granted, and a new trial is ordered.
The hearing court erred when it determined that the defendant’s arrest did not violate his rights under Payton v New York (445 US 573 [1980]). Here the police knocked on the defendant’s door at approximately 6:50 a.m. When the defendant answered the door he appeared to be “half asleep,” and was naked from the waist down. He only partially opened the door, was never in full view of the police, and never crossed the threshold of his apartment. When the police directed the defendant to step fully into view, the defendant instead attempted to shut the door, trapping a detective’s arm as the detective tried to keep the door from closing. After law enforcement officials successfully pushed the door open, they pulled the defendant from the area behind the door into the public hallway where he was then arrested.
Under the discrete circumstances of this case, where the police officers crossed the threshold into the defendant’s apartment, pulled him into the hallway, and arrested him without a warrant, the defendant’s Fourth Amendment rights were violated (see id. at 590; People v Levan, 62 NY2d 139, 144-145 [1984]; People v Gonzales, 111 AD3d 147 [2013], lv granted 22 NY3d 999 [2013]; People v Robert, 156 AD2d 730 [1989]). Therefore, the defendant’s post-arrest identification and statements should have been suppressed as fruit of the unlawful arrest (see People v Levan, 62 NY2d at 146). Moreover, it cannot be said that the admission of the defendant’s post-arrest statements and identification were harmless (see People v Crimmins, 36 NY2d 230, 237 [1975]; People v Copp, 107 AD3d 911, 912 [2013]; People v Cioffi, 105 AD3d 971 [2013]).
The defendant’s contentions regarding the jury charge and the verdict sheet are without merit.
Accordingly, the judgment of conviction must be reversed and a new trial ordered.
*812 In light of our determination, the defendant’s remaining contentions have been rendered academic. Dillon, J.E, Chambers, Austin and Roman, JJ., concur.