THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN JOHN, Appellant. [990 NYS2d 597]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Parker, J.), rendered December 16, 2011, convicting him of criminal possession of a weapon in the second degree and menacing in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the

denial, after a hearing (Gary, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence based on the plain view doctrine. That doctrine "rests on the premise that police should be able to seize incriminating evidence in plain view if they had the right to be where they were when they saw it" (*People v Brown*, 96 NY2d 80, 88 [2001]; *see People v Diaz*, 81 NY2d 106, 111 [1993]; *People v Velasquez*, 110 AD3d 835 [2013]). "[L]aw enforcement officers may properly seize an item in 'plain view' without a warrant if (i) they are lawfully in a position to observe the item; (ii) they have lawful access to the item itself when they seize it; and (iii) the incriminating character of the item is immediately apparent" (*People v Brown*, 96 NY2d 80, 89 [2001]; *see Horton v California*, 496 US 128, 136-137 [1990]; *People v Velasquez*, 110 AD3d 835 [2013]).

Here, the evidence at the suppression hearing established that a police officer was lawfully present in the apartment building where the defendant resided (*see People v Church*, 217 AD2d 444 [1995]). The officer discovered the challenged physical evidence, a handgun and ammunition, in a gun box located in a common storage area accessible to anyone in the building. The box was not locked, and there was no indication that the defendant's name or other personal identification, such as his apartment number, was on the box which would lead one who observed it to understand that it belonged to the defendant or a person living in his apartment (*see People v Funches*, 89 NY2d 1005, 1007 [1997]). The box was clearly marked "Smith and Wesson." Under these circumstances, the distinctive label on the outside of the box "proclaim[ed] its contents" and, as such, made it immediately apparent to the officer that the box contained a firearm (*Robbins v California*, 453 US 420, 427 [1981]), thus authorizing the officer to seize the box without a warrant (*see People v Velasquez*, 110 AD3d at 836; *People v Batista*, 261 AD2d 218 [1999]; *People v Aqudelo*, 150 AD2d 284 [1989]; *cf. People v Dobson*, 41 AD3d 496, 496-497 [2007]). Furthermore, since the gun box, "by its very nature, could not support any reasonable expectation of privacy because its content could be inferred from its outward appearance" (*People v Dobson*, 41 AD3d at 497; *see Arkansas v Sanders*, 442 US 753, 764-765 [1979], *overruled in part by California v Acevedo*, 500 US 565 [1991]), the officer lawfully opened the box, and discovered the handgun and ammunition inside.

The defendant's contention that certain summation remarks

made by the prosecutor deprived him of due process is unpreserved for appellate review (*see* CPL 470.05 [2]), and, in any event, without merit.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]).

The defendant's remaining contentions are without merit. Skelos, J.P., Dillon and Roman, JJ., concur.

Hall, J., concurs in the result, with the following memorandum: I concur with my colleagues that the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence, but only on constraint of this Court's precedent in *People v Velasquez* (110 AD3d 835 [2013]). I write separately to express my view that the police should have obtained a search warrant prior to seizing and searching the gun box located in the common area of the subject building.

The Fourth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

Although the text of the Fourth Amendment does not specify when a search warrant must be obtained, the United States Supreme Court has inferred that a warrant must generally be secured (*see Kentucky v King*, 563 US —, —, 131 S Ct 1849, 1856 [2011]; *Mincey v Arizona*, 437 US 385, 390 [1978]). While I recognize the several exceptions to the warrant requirement, such as "[when] the exigencies of the situation" render a warrantless search objectively reasonable (*Mincey v Arizona*, 437 US at 394 [internal quotation marks omitted]), I fear that the exceptions to the warrant requirement have swallowed the rule.

In my view, the police should have obtained a warrant prior to seizing and opening the gun box in the common area of the subject building (*see People v McLawrence*, 114 AD3d 964 [2014]). There was no emergency or exigent circumstances to justify the search and seizure of the gun box without first obtaining a warrant. The defendant was already under arrest at the time the gun box was searched, and no clear threat to public safety was present. If the police perceived any danger by leaving the gun box in the common area of the building, the police could have secured the area while obtaining a properly executed search warrant. Thus, while I concur in the result reached

herein with respect to the suppression of physical evidence, I do so only on constraint of this Court's precedent.

I agree with all other determinations made by the majority.