■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK RIFFAS, Appellant. [994 NYS2d 136]—

Motion by the respondent for leave to reargue an appeal from a judgment of the Supreme Court, Kings County, rendered September 9, 2009, which was determined by decision and order of this Court dated February 13, 2014.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted and, upon reargument, the decision and order of this Court dated February 13, 2014 (*People v Riffas*, 114 AD3d 810 [2014]), is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered September 9, 2009, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Reichbach, J.), of those branches of the defendant's omnibus motion which were to suppress his post-arrest statements to law enforcement officials and evidence of a post-arrest lineup identification.

Ordered that the judgment is reversed, on the law, that branch of the defendant's motion which was to suppress his post-arrest statements to law enforcement officials is granted, and a new trial is ordered.

The hearing court erred in determining that the defendant's arrest did not violate his rights under *Payton v New York* (445 US 573 [1980]). Here, the police knocked on the defendant's door at approximately 6:50 a.m. When the defendant answered the door he appeared to be "half asleep," and was naked from the waist down. He only partially opened the door, was never in

full view of the police, and never crossed the threshold of his apartment. When the police directed the defendant to step fully into view, the defendant instead attempted to shut the door, trapping a detective's arm as the detective tried to keep the door from closing. After law enforcement officials successfully pushed the door open, they pulled the defendant from the area behind the door into the public hallway, where he was then arrested.

Under the discrete circumstances of this case, where the police officers crossed the threshold into the defendant's apartment, pulled him into the hallway, and arrested him without a warrant, the defendant's Fourth Amendment rights were violated (see id. at 590; People v Levan, 62 NY2d 139, 144-145 [1984]; People v Gonzales, 111 AD3d 147 [2013]; People v Robert, 156 AD2d 730 [1989]). While the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress evidence of a post-arrest lineup identification (see People v Jones, 2 NY3d 235 [2004]), it should have granted that branch of the motion which was to suppress his post-arrest statements to law enforcement officials (id. at 242-244; People v Harris, 77 NY2d 434 [1991]). Since the evidence of the defendant's guilt was not overwhelming, and it cannot be said that there is no reasonable possibility that the error in admitting the defendant's post-arrest statements into evidence might have contributed to the defendant's conviction, the error was not harmless beyond a reasonable doubt (see People v Hardy, 4 NY3d 192, 198-199 [2005]; People v Crimmins, 36 NY2d 230, 240-241 [1975]; People v Cioffi, 105 AD3d 971, 973 [2013]).

The defendant's contentions regarding the jury charge and the verdict sheet are without merit.

Accordingly, the judgment of conviction must be reversed and a new trial ordered.

In light of our determination, the defendant's remaining contentions have been rendered academic. Dillon, J.P., Chambers, Austin and Roman, JJ., concur.