■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent , v KENNY ALSTON, Appellant. [997 NYS2d 160]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered December 6, 2011, convicting him of robbery in the first degree (12 counts), robbery in the second degree (6 counts), and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Paynter, J.), after a hearing (Demakos, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, and a new trial is ordered.

The following evidence was adduced at the defendant's suppression hearing. On the morning of February 19, 2010, a police officer (hereinafter the officer) and her partner encountered the defendant, who had been stabbed in the back, in the trauma room at Jamaica Hospital (hereinafter the hospital). According to the officer, the defendant was connected to an intravenous line and "a lot of blood [was] coming out of the wound." The officer believed the defendant to be a crime victim.

The defendant told the officer that his name was Kenny Alston. When the officer asked the defendant for an identification card, he either told her that hospital personnel had taken it or that it was at the hospital's security office. The officer then went to the hospital's security office and requested and received a sealed manila envelope containing the defendant's belongings. The officer unsealed the envelope, removed and opened the de-

fendant's wallet, and retrieved two driver licenses; one belonging to the defendant, and one belonging to another person (hereinafter M.L.). After asking the defendant about M.L.'s driver license, the officer gave both licenses to an officer from a different precinct, and she and her partner left the hospital.

That same morning, other police officers learned that M.L. and five other individuals had been victims of a robbery at the Jewish Community Center in Howard Beach, and that one of the perpetrators sustained a stab wound to the back during the course of the robbery. The defendant, who was never identified by M.L., became a person of interest due to his possession of M.L.'s driver license. He ultimately was arrested and charged with, inter alia, multiple counts of robbery.

The hearing court denied that branch of the defendant's omnibus motion which was to suppress the physical evidence recovered from the manila envelope, consisting of M.L.'s driver license and over $3,000 in cash. Following a jury trial, the defendant was convicted of 12 counts of robbery in the first degree, 6 counts of robbery in the second degree, and criminal possession of stolen property in the fourth degree. On appeal, the defendant contends that the branch of the defendant's omnibus motion which was to suppress the physical evidence should be granted and a new trial ordered.

"On a motion by a defendant to suppress physical evidence, the People have the burden of going forward to show the legality of the police conduct in the first instance" (*People v Spann*, 82 AD3d 1013, 1014 [2011] [internal quotation marks omitted]). The People failed to meet their burden in this instance.

Initially, we note that the defendant had a legitimate expectation of privacy in his personal belongings, notwithstanding the fact that he was a hospital patient and his belongings were being temporarily stored in the hospital's security office (*see People v Ramirez-Portoreal*, 88 NY2d 99, 108 [1996]; *People v Watt*, 118 Misc 2d 930 [Sup Ct, NY County 1983]; *see also People v Cook*, 85 NY2d 928, 931 [1995]). In addition, the fact that the officer perceived the defendant to be a victim rather than a suspect did not strip the defendant of Fourth Amendment protection (*see Berger v New York*, 388 US 41, 50 [1967]; *see also United States v Drayton*, 536 US 194, 201 [2002]).

The People contend that suppression is unwarranted because the defendant consented to the officer's search of his belongings. The record does not support this contention. As an initial matter, the officer's ambiguous testimony leaves open the possibility that the defendant merely said that hospital personnel had taken his belongings. In any event, even if the defendant

said that his driver license was at the security office, his failure to object when the officer left the trauma room thereafter cannot be deemed to constitute tacit consent, as the officer was no longer in his line of sight and there was no reason for him to assume that she was heading to the security office (*cf. People v Nelson*, 292 AD2d 397, 398 [2002]; *People v Gonzalez*, 222 AD2d 453 [1995]; *People v Davis*, 120 AD2d 606, 607 [1986]).

Furthermore, even assuming that the defendant authorized the officer's retrieval of the manila envelope, the officer's subsequent actions far exceeded the scope of the consent given (*see People v Hall*, 35 AD3d 1171, 1172 [2006]; *People v Bryant*, 245 AD2d 1010, 1013 [1997]; *see also People v Gomez*, 5 NY3d 416, 420 [2005]). There is no evidence that the defendant authorized her to break the envelope's seal, take out his wallet, and remove material from inside his wallet.

The People's contention that the defendant's consent was not necessary because exigent circumstances existed was never advanced before the hearing court and, therefore, may not be considered here (*see People v Johnson*, 64 NY2d 617, 619 n 2 [1984]; *People v Thompson*, 118 AD3d 922, 924 [2014]; *People v Hall*, 35 AD3d at 1172).

Accordingly, that branch of the defendant's omnibus motion which was to suppress the physical evidence should have been granted. We further conclude that, under the circumstances here, this error was not harmless beyond a reasonable doubt (*see People v Harper*, 100 AD3d 772, 774 [2012]). Skelos, J.P., Dickerson, Chambers and Sgroi, JJ., concur.