■ The People of the State of New York, Respondent, v Sean Garvin, Also Known as Anthony Garvin, Appellant. [13 NYS3d 215]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered September 20, 2012, convicting him of robbery in the third degree (four counts) and attempted robbery in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his postarrest statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his arrest did not violate his rights under *Payton v New York* (445 US 573 [1980]) and *People v Levan* (62 NY2d 139, 144 [1984]). "The rule announced in *Payton* and applied in *Levan* is clear and easily understood: a person enjoys enhanced constitutional protection from a warrantless arrest in the interior of the home, but not on the threshold itself or the exterior" (*People v Gonzales*, 111 AD3d 147, 153 [2013]; *see Payton v New York*, 445 US at 590; *People v Reynoso*, 2 NY3d 820, 821 [2004]). As pertinent to this case, where the defendant lived in the upstairs apartment of a building containing two separate apartments, there is clearly a "distinction between homes and common areas such as halls and lobbies . . . which are not within an individual tenant's zone of privacy" (*Mauceri v County of Suffolk*, 234 AD2d 350, 350-351 [1996], citing *United States v Holland*, 755 F2d 253, 255-256 [2d Cir 1985]; *see People v Funches*, 89 NY2d 1005, 1007 [1997]; *People v Allen*, 54 AD3d 868, 869 [2008]).

Here, the hearing evidence demonstrated that the police entered the building the defendant lived in through the front door. Thereafter, they passed through a vestibule before climbing the stairs to the defendant's upstairs apartment. One of the officers knocked on the closed apartment door, the defendant opened it, and the officer effectuated the arrest in the doorway. The arresting officer did not go inside the defendant's apartment (*cf. People v Gonzales*, 111 AD3d at 148-153), or reach in to pull the defendant out (*cf. People v Riffas*, 120 AD3d 1438 [2014]). Since the defendant was arrested at the threshold of his apartment, after he "voluntarily emerged [and thereby] surrendered the enhanced constitutional protection of the home" (*People v Gonzales*, 111 AD3d at 152), his warrantless arrest did not violate *Payton* and *Levan* (*see People v Reynoso*, 2 NY3d at 821; *People v Hansen*, 290 AD2d 47, 52-53 [2002], *affd* 99 NY2d 339 [2003]). Accordingly, the hearing court properly denied those branches of the defendant's omnibus motion which were to suppress physical evidence and his post-arrest statements to law enforcement officials as the fruits of an illegal arrest (*see generally Wong Sun v United States*, 371 US 471, 488 [1963]).

The Supreme Court providently exercised its discretion in sentencing the defendant as a persistent felony offender (*see* Penal Law § 70.10 [2]; *People v Boney*, 119 AD3d 701, 702 [2014]; *People v Dixon*, 107 AD3d 735, 736 [2013]; *People v Bazemore*, 100 AD3d 915 [2012]). The court's conclusion that the nature of the defendant's criminal conduct, his history, and

his character warranted extended incarceration and lifetime supervision is supported by the record (*see People v Dixon*, 107 AD3d at 736; *People v Bazemore*, 100 AD3d at 915).

The defendant's remaining contentions are without merit or need not be reached in light of our determination. Skelos, J.P., Balkin and Maltese, JJ., concur.

Hall, J., dissents, and votes to reverse the judgment, on the law and the facts, grant those branches of the defendant's omnibus motion which were to suppress physical evidence and his postarrest statements to law enforcement officials, and order a new trial, with the following memorandum: "On a motion by a defendant to suppress physical evidence, 'the People have the burden of going forward to show the legality of the police conduct in the first instance' " (*People v Spann*, 82 AD3d 1013, 1014 [2011], quoting *People v Whitehurst*, 25 NY2d 389, 391 [1969]). Upon my review of the record, I find that the People failed to meet this burden. Accordingly, I respectfully dissent.

At the suppression hearing, the People failed to present sufficient evidence to show, in the first instance, that the police entry into the building where the defendant lived was lawful. There was no evidence presented as to how the police officers entered the building. Although a police officer testified that the building was a "two-family house," there was no testimony that the police officers believed the building to be a two-family house prior to entering it. Furthermore, there was no evidence that the subject building was in any way distinguishable from a one-family house. Based on my reading of the hearing testimony, it can be reasonably inferred that the subject police officer testified that the building where the defendant lived was a "two-family house" based on his observations from inside the building, not from its outward appearance.

Under these circumstances, it is my opinion that the People failed to meet their burden of going forward to show the legality of the police conduct in the first instance. That is, the People failed to show that the police entry into the building where the defendant lived was lawful.

Accordingly, I find that those branches of the defendant's omnibus motion which were to suppress physical evidence and his postarrest statements to law enforcement officials should have been granted (*see People v Garriga*, 189 AD2d 236 [1993]). I further conclude that the error described herein was not harmless beyond a reasonable doubt (*see People v Alston*, 122 AD3d 934, 936 [2014]).