■ In the Matter of UNIFORMED FIREFIGHTERS ASSOCIATION OF GREATER NEW YORK, Appellant, v NEW YORK CITY OFFICE OF COLLECTIVE BARGAINING, BOARD OF COLLECTIVE BARGAINING, Respondent.—Judgment, Supreme Court, New York

County (Irma Vidal Santaella, J.), entered on or about February 6, 1990, which denied and dismissed this CPLR article 78 proceeding challenging determinations by respondent Board of Collective Bargaining dated February 24 and March 30, 1989, unanimously affirmed, without costs.

Petitioner, the duly certified collective bargaining representative of firefighters and fire marshals, sought review from the Board of Collective Bargaining (BCB) whether certain matters, including a provision that engine and ladder companies be staffed by no less than five persons, were within the scope of collective bargaining. As to certain of the matters, BCB determined that they were not mandatory subjects of collective bargaining; as to the five-person staffing requirement, BCB determined that a hearing was necessary to establish whether there existed a "practical impact" on safety and workload resulting from the continued reduction to less than five persons in 71 companies which had continued to be so staffed, by virtue of an agreement between the parties, since such reduced staffing was implemented during the fiscal crisis faced by the city in the 1970's.

Initially, petitioner sought review of BCB's determinations before the State Public Employment Review Board (PERB). PERB found that it had no jurisdiction to review a BCB determination arising from a determination in a "scope of bargaining" proceeding as opposed to an "improper practice" proceeding. (See, Civil Service Law § 205 [5] [d]; Administrative Code of City of New York §§ 12-306, 12-307.)

Subsequently, this article 78 proceeding was commenced. The IAS court found that BCB's rulings were neither arbitrary and capricious, nor evinced an error of law, and granted judgment dismissing the petition, not reaching respondent BCB's cross motion to dismiss the proceeding as time barred.

Review of BCB determinations must be sought within 30 days after service of the final order. (Civil Service Law § 213 [a]; § 212; Matter of Davis v Anderson, 51 AD2d 528, lv denied 39 NY2d 707.) Review of a BCB decision in an "improper practice proceeding" may be sought from PERB, in which event, whether or not PERB asserts jurisdiction, the time for judicial review will be extended (see, Civil Service Law § 205 [5] [d]). However, we find, for the purpose of determining PERB's oversight of BCB determinations, that the Legislature intended PERB's review of BCB to extend only to proceedings alleging improper practices, as distinct from proceedings, such as the instant matter, to determine the scope of collective

bargaining. Since PERB never had jurisdiction over this "scope of collective bargaining" determination of the initiation of the procedures before PERB was not a necessary prerequisite for commencing an article 78 proceeding. Therefore, since this article 78 proceeding was commenced more than 30 days after service of BCB's determinations, it is time barred.

As to the merits of this proceeding, we would affirm. There was a rational basis for BCB to order a hearing on the issue of the practical impact of the five-person staffing issue. The BCB's conclusion that earlier internal Fire Department reports, as well as a 1976 arbitrator's ruling, were not conclusive of BCB's inquiry, and were of limited significance in view of changed conditions, was rationally based and may not be set aside.

As to the other matters raised, such as mutual exchange of tours and vacations, early relief, work schedule, and job description, which BCB found were not subject to mandatory collective bargaining, even if petitioner has standing to raise the issue, the mere fact that PERB allegedly reached a different conclusion in other cases, which may or may not have been factually similar, does not demonstrate that BCB's implementation of its practices and procedures was not "substantially equivalent" to PERB's implementation of practices and procedures within the meaning of Civil Service Law § 212 (2). Concur—Kupferman, J. P., Sullivan, Carro, Ellerin and Smith, JJ.