[729 NYS2d 789]

Patrolmen's Benevolent Association of the City of New York, Inc., et al., Respondents, v City of New York et al., Appellants, and New York State Public Employment Relations Board et al., Respondents.

Third Department, July 12, 2001

**APPEARANCES OF COUNSEL**

*Michael D. Hess, Corporation Counsel* of New York City (*Linda H. Young* of counsel), for City of New York and another, appellants.

*Steven C. De Costa, General Counsel of Office of Collective Bargaining,* New York City, for Board of Collective Bargaining of the City of New York and another, appellants.

*Kaye, Scholer, Fierman, Hays & Handler, L. L. P.,* New York City (*Peter M. Fishbein* of counsel), and *Gleason, Dunn, Walsh & O'Shea, P. C.,* Albany, for Patrolmen's Benevolent Association of the City of New York Inc. and another, respondents.

*Gary Johnson,* Albany (*Sandra M. Nathan* of counsel), for New York State Public Employment Relations Board, respondent.

### OPINION OF THE COURT

MUGGLIN, J.

During negotiations between plaintiff Patrolmen's Benevolent Association of the City of New York, Inc. (hereinafter the PBA) and defendant City of New York concerning a new collective bargaining agreement, the City filed a scope of bargaining petition with defendant Board of Collective Bargaining of the City of New York (hereinafter BCB). In response, the PBA answered, claiming that defendant Public Employment Relations Board (hereinafter PERB) had sole, exclusive jurisdiction over scope of bargaining issues and, thereafter, filed a declaration of impasse with PERB. In this declaratory judgment action, the PBA seeks a declaration that PERB has exclusive jurisdiction to resolve disputes between it and the City concerning the scope of bargaining and/or the existence of an impasse in negotiations and an order directing BCB to dismiss the petition of the City. Simultaneously, the City commenced an action against the PBA, PERB and BCB for judgment declaring that chapter 641 of the Laws of 1998 adding (Civil Service Law § 212 [3]) (hereinafter chapter 641) is unconstitutional and that BCB has exclusive jurisdiction over any impasse which may arise during the collective bargaining negotiations between it and the PBA and to determine scope of bargaining issues, whether within or without the context of an impasse. Additionally, the City sought a permanent injunction forbidding the enforcement of chapter 641.

Following consolidation of the actions, the PBA moved for summary judgment declaring the constitutionality of the statute. In opposition, PERB cross-moved for dismissal of the complaint asserting that declaratory relief was unavailable, all administrative remedies had not been exhausted and the determinations of these administrative agencies regarding the

breadth of their respective jurisdictions was entitled to judicial deference. The City cross-moved for summary judgment contending that chapter 641 was unconstitutional since it was enacted either in violation of the home rule provision of the State Constitution or was an improper delegation of legislative authority. In the alternative, the City sought denial of the PBA's motion so that necessary discovery could be concluded. Supreme Court, *inter alia*, granted the PBA's motion for summary judgment finding no violation of the State Constitution and further ruled that jurisdiction of scope of bargaining issues was properly placed with PERB. This appeal followed.

We affirm. A brief overview of the history of the statute in question is essential to a complete understanding of the issues. PERB was created to assist in dispute resolution between public employers and public employees (*see,* Civil Service Law § 209). Nevertheless, localities were given the opportunity to opt out of certain aspects of PERB jurisdiction through the creation of local bodies (hereinafter mini-PERBs), the procedures of which were required to be the "substantial equivalent" of those of PERB (*see, City of New York v Patrolmen's Benevolent Assn.,* 89 NY2d 380, 386). The City opted out through the enactment of a local law creating BCB, with jurisdiction over public employment relations between it and its employees.[1] In 1974, the Legislature amended Civil Service Law § 209 to provide for binding impasse arbitration by PERB, but since the procedures of BCB already provided for binding arbitration when an impasse was reached between the City and any of its public employee organizations, the City was specifically exempted from this requirement. Subsequently, by chapter 13 of the Laws of 1996, the Legislature transferred impasse jurisdiction of collective bargaining disputes between the City and its police force from BCB to PERB. When this law was declared violative of the home rule provision of the State Constitution (*see, id.*), the Legislature enacted chapter 641.

◼ We find that the City's assertion that chapter 641 is unconstitutional insofar as it violates the home rule provision of the State Constitution to be unpersuasive. The State Constitution provides that the Legislature "[s]hall have the power to act in relation to the property, affairs or government of any local government only by general law, or by special law only * * * on request of two-thirds of the total membership of its legislative body or on request of its chief executive officer

---

1.  Initially, 35 localities opted out of PERB but only five remain.

concurred in by a majority of such membership" (NY Const, art IX, § 2 [b] [2]).[2] The home rule message requirements are, however, excepted "if 'the subject matter of the statute is of sufficient importance to the State generally to render it a proper subject of State legislation' " (*City of New York v Patrolmen's Benevolent Assn., supra,* at 389, quoting *Matter of Kelley v McGee,* 57 NY2d 522, 538). Thus, no home rule message is required when the legislative enactment constitutes a general law or a special law which serves a substantial State concern.

Chapter 641 states, in pertinent part, as follows:

> "Notwithstanding any other provision of law to the contrary, the resolution of disputes in the course of collective negotiations as provided by [Civil Service Law § 209] shall apply to any organized fire department, police force, or police department of any government subject to either subdivision one or two of this section. Provided, however, that a recognized or certified employee organization may elect to continue dispute resolution procedures which existed on the day prior to the effective date of this subdivision by notifying the appropriate public employment relations board in writing."

The City contends that the second sentence of the statute applies to only four localities[3] in the State, rendering the statute a special law which does not serve a substantial State concern. In our view, this statute constitutes a general law. Prior to this enactment, the Taylor Law had general equal application to every local government in the State and permitted all of them to prevent their public service unions from utilizing PERB's dispute resolution procedures by creating their own mini-PERB. Chapter 641 amends this general law by uniformly prohibiting every local government from unilaterally preventing its police and fire unions from utilizing PERB. The fact that the second sentence of the statute applies to only four municipalities does not render the statute a special law since the procedures of the mini-PERBs are the substantial equivalent of the corresponding procedures of PERB and the option of determining which administrative body has exclusive jurisdic-

---

**2.** A general law is one "which in terms and in effect applies alike to all [municipalities]" (NY Const, art IX, § 3 [d] [1]), while a special law "in terms and in effect applies to one or more, but not all [municipalities]" (NY Const, art IX, § 3 [d] [4]).

**3.** New York City and the Counties of Suffolk, Nassau and Westchester.

tion rests with the public employee organization. Moreover, even were we to consider chapter 641 a special law, we would find that it falls within the exception to the home rule procedural requirements (*see, City of New York v Patrolmen's Benevolent Assn.*, 89 NY2d 380, 389, *supra*), as the State clearly has a substantial interest in the speedy resolution of labor disputes between its municipalities and their police and fire departments.

■ Next, we consider the City's contention that chapter 641 unconstitutionally delegates legislative power to the labor unions in question. The major premise of this argument is that permitting the union to opt to use PERB allows that union to amend or repeal the legislation which created the mini-PERB. We find this argument untenable. The statute simply prevents a municipality with a mini-PERB from requiring its police or firefighter unions to use the mini-PERB, rather than choosing to use PERB. It is not a delegation of any legislative authority, nor does it delegate to the public employee organizations the authority to resolve bargaining impasses or any other governmental function.

■ Finally, we agree that Supreme Court properly declared that PERB has exclusive jurisdiction over scope of bargaining disputes between PBA and the City. All parties acknowledge that if chapter 641 is constitutional, PERB has exclusive jurisdiction over impasse and negotiation issues and BCB has jurisdiction only over improper practice disputes under Civil Service Law § 205 (5) (d) and § 209-a. The City's contention that BCB has exclusive jurisdiction over scope of bargaining issues since PERB's authority under Civil Service Law § 209 is limited to negotiation of impasses and does not include scope of bargaining issues is likewise unpersuasive. Civil Service Law § 209 (4) provides that "in the event [PERB] determines that an impasse exists in collective negotiations * * * as to the conditions of employment of * * * police * * * [PERB] shall render assistance." The phrase "terms and conditions of employment" is defined as "salaries, wages, hours and other terms and conditions of employment" (Civil Service Law § 201 [4]). Thus, Supreme Court correctly observed that accepting the City's contention would create the "absurdity" of having "two separate agencies on two different levels of government attempting to separately resolve the intertwined issues of scope of bargaining and impasse resolution."

Since scope of bargaining issues do not generally arise in improper practice proceedings within the meaning of Civil Ser-

vice Law § 209-a (*see, Matter of Uniformed Firefighters Assn. v New York City Off. of Collective Bargaining*, 163 AD2d 251), the jurisdiction of BCB where the available option has been exercised in favor of PERB is limited to jurisdiction over improper practice proceedings under Civil Service Law § 205 (5) (d). Consequently, Supreme Court correctly declared that PERB has exclusive jurisdiction over scope of bargaining disputes between PBA and the City.

MERCURE, J. P., PETERS, CARPINELLO and LAHTINEN, JJ., concur.

Ordered that the order and judgment is affirmed, without costs.