■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN PERKINS, Also Known as CHARLES SHAWN PERKINS, Appellant. [880 NYS2d 209]—

Stein, J. Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered August 17, 2007, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

In September 2006, defendant was involved in a verbal confrontation with another person, which escalated to a point when defendant drew a handgun and fired two shots at the victim in front of the victim's home. The victim was uninjured and defendant fled the scene. Defendant was subsequently indicted for one count each of reckless endangerment in the

first degree,* criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, attempted assault in the first degree and attempted murder in the second degree. After a trial, the jury returned a verdict convicting defendant of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree and acquitting him of the remaining charges. Defendant was thereafter sentenced to 8½ years in prison and 3½ years of postrelease supervision on the conviction for criminal possession of a weapon in the second degree and a concurrent sentence of 6½ years in prison with three years of postrelease supervision on the conviction for criminal possession of a weapon in the third degree. Defendant now appeals and we affirm.

We reject defendant's contention that the statutes under which he was convicted violate the Second Amendment of the US Constitution and Civil Rights Law § 4. Defendant's reliance on *District of Columbia v Heller* (554 US —, 128 S Ct 2783 [2008]) is misplaced. While the United States Supreme Court concluded in that case that the Second Amendment confers a constitutionally protected individual right to keep and bear arms as a means of self-defense within the home, it also held that the right conferred by the Second Amendment—and, by extension, Civil Rights Law § 4 (*see Chwick v Mulvey*, 2008 NY Slip Op 22486[U], *19 [2008])—is not absolute and may be limited by reasonable governmental restrictions (*see District of Columbia v Heller*, 554 US at —, 128 S Ct at 2816).

Unlike the statute at issue in *Heller*, Penal Law article 265 does not effect a complete ban on handguns and is, therefore, not a "severe restriction" improperly infringing upon defendant's Second Amendment rights. Moreover, in our view, New York's licensing requirement remains an acceptable means of regulating the possession of firearms (*see People v Morrill*, 101 AD2d 927 [1984]; *People v Ferguson*, 21 Misc 3d 1120[A], 2008 NY Slip Op 52112[U], *4 [Crim Ct, Queens County 2008]) and will not contravene *Heller* so long as it is not enforced in an arbitrary and capricious manner (*see District of Columbia v Heller*, 554 US at —, 128 S Ct at 2819).

Here, defendant was not in his home at the time of the crime and did not have a valid pistol permit. Inasmuch as the relevant sections of the Penal Law are constitutionally sound and defendant's conduct did not conform to that which is protected by the Second Amendment and Civil Rights Law § 4, defendant's constitutional challenge lacks merit.

---

* The People consented to the dismissal of this count on the first day of trial.

Defendant failed to preserve his objection to the jury pool based upon comments made by two prospective jurors (both of whom were successfully challenged for cause), as he failed to raise the objection to the jury pool before the jury was empaneled (*see People v Cosmo*, 205 NY 91, 100 [1912]; *People v O'Keefe*, 281 App Div 409, 415 [1953], *affd* 306 NY 619 [1953]). Nor did defendant either request a curative instruction or object to its absence. Were we to consider defendant's arguments, we would find them to be unavailing in any event, as the prospective jurors' comments did not warrant a curative instruction and County Court's general admonishments to the jury pool adequately addressed any potential problems that defendant now raises on appeal.

Defendant's challenge to his conviction of criminal possession of a weapon in the third degree based upon the absence of an inclusory concurrent count charge to the jury under CPL 300.40 (3) (b) is similarly unpreserved as he failed to request such charge or object to its absence before the jury retired to deliberate (*see People v Dennis*, 263 AD2d 618, 618 [1999], *lvs denied* 94 NY2d 822, 830 [1999]).

Defendant's contentions concerning County Court's bases for sentencing are unpreserved for appellate review and, in all events, are unpersuasive. Moreover, " '[t]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof [positive] that defendant was punished for asserting his right to trial' " (*People v Riback*, 57 AD3d 1209, 1218 [2008], quoting *People v Simon*, 180 AD2d 866, 867 [1992], *lvs denied* 80 NY2d 838 [1992]). With regard to defendant's claim that the sentences were harsh and excessive, inasmuch as we do not find that County Court abused its discretion or that extraordinary circumstances exist to warrant a reduction in the interest of justice, we decline to disturb them (*see People v Massey*, 45 AD3d 1044, 1048 [2007], *lv denied* 9 NY3d 1036 [2008]).

Mercure, J.P., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.

