OPINION OF THE COURT
McCarthy, J.
As part of its effort to improve the quality of care for New Yorkers who receive home health care services, the Legislature *154 enacted Public Health Law § 3614-c in 2011. Commonly known as the Wage Parity Law, the statute conditions Medicaid reimbursement for home health care services provided in New York City and the surrounding counties of Westchester, Suffolk and Nassau upon a home health care agency’s certification that the home care aides who render the services are paid a minimum wage. That wage is determined by reference to New York City’s Living Wage Law (see Administrative Code of City of NY § 6-109 [b] [1] [a], [b]; [3]), which sets a minimum wage and health benefits supplement rate that must be paid by any city service contractor or subcontractor to its employees who actually provide home care services. By referring to the New York City statute, the Wage Parity Law aims to bring total compensation for Medicaid-reimbursed home care aides in the metropolitan New York area into line with compensation paid to aides who are under contract with New York City, thereby furthering the legislative purpose of stabilizing the workforce, reducing turnover, and enhancing recruitment and retention of home care workers.[1]
Petitioners are licensed home care service agencies and a not-for-profit trade association comprised of service providers. They commenced this combined CPLR article 78 proceeding and action for declaratory judgment challenging both the constitutionality of the Wage Parity Law and the interpretation of the law by the Department of Health (hereinafter DOH), and seeking a permanent injunction prohibiting its enforcement. Upon the parties’ cross motions for summary judgment, Supreme Court granted summary judgment in favor of respondents and denied all relief requested by petitioners. Petitioners now appeal.
Turning first to petitioners’ constitutional arguments, we note that “[Legislative enactments enjoy a strong presumption of constitutionality . . . [and] parties challenging a duly enacted statute face the initial burden of demonstrating the statute’s invalidity beyond a reasonable doubt” (Overstock.com, Inc. v New York State Dept. of Taxation & Fin., 20 NY3d 586, 593 [2013] [internal quotation marks and citation omitted]; see Catholic Charities of Diocese of Albany v Serio, 28 AD3d 115, 120 [2006], affd 7 NY3d 510 [2006], cert denied 552 US 816 [2007]). Here, petitioners first contend that by tying the minimum wage necessary to receive Medicaid reimbursement to New York City’s *155 Living Wage Law, the Legislature has improperly delegated its legislative authority to New York City in violation of NY Constitution, article III, § l.[2]
We find no improper delegation. The Legislature has authority over the Medicaid program (see 42 USC § 1396 et seq.; Social Services Law § 363 et seq.; Matter of Medicon Diagnostic Labs. v Perales, 74 NY2d 539, 545 [1989]), and has chosen to address a compelling state interest in stabilizing wage rates for home care aides in the metropolitan New York area by linking reimbursement in the target geographic area to the minimum wage law established by the city located within that area that employs the majority of home care workers. In enacting the Wage Parity Law, the Legislature did not delegate rulemaking, policy or regulatory authority over the Medicaid program to New York City (see People v Parker, 41 NY2d 21, 27-28 [1976]; Matter of Levine v Whalen, 39 NY2d 510, 515 [1976]; Matter of Mooney v Cohen, 272 NY 33, 37 [1936]; Darweger v Staats, 267 NY 290, 308 [1935]), but rather simply referenced New York City’s Living Wage Law as a compensation baseline, which furthers the Legislature’s policy goal of achieving wage parity. We find this to be an appropriate exercise of the Legislature’s lawmaking powers. Furthermore, because the decision to condition Medicaid reimbursement on a minimum wage that is determined by reference to the New York City minimum wage is rationally related to the legislative purpose, petitioners’ equal protection argument is likewise without merit (see Matter of Walton v New York State Dept. of Correctional Servs., 13 NY3d 475, 492 [2009]; Matter of Novara v Cantor Fitzgerald, LP, 20 AD3d 103, 105-106 [2005], lv denied 5 NY3d 710 [2005]).
Petitioners next contend that because the Wage Parity Law incorporates the Living Wage Law only by reference, it violates NY Constitution, article III, § 16,[3] which “prohibits enacting part of an existing law by reference without inserting the text of the existing law into the new act” (Matter of Delese v Tax Appeals Trib. of State of N.Y., 3 AD3d 612, 613 [2004], appeal dismissed 2 NY3d 793 [2004]; see Matter of Medical Socy. of State of N.Y. v State of N.Y. Dept. of Health, 83 NY2d 447, *156 452-453 [1994]). This argument is not persuasive. In a case similar to the case at bar, the Court of Appeals observed that “[^Incorporation by reference is not prohibited in all instances” (Matter of Medical Socy. of State of N.Y. v State of N.Y. Dept. of Health, 83 NY2d at 452). Rather, the constitutional proscription is intended “to prevent the Legislature from incorporating into its acts the provisions of other statutes or regulations which affect public or private interests in ways not disclosed upon the face of the act, and which would not have received the sanction of the Legislature if fully understood by it” (id. at 452-453). In short, “the evil in view in adopting article III, § 16 was the possibility of legislative misapprehension or unawareness” (id. at 453; see People ex rel. Everson v Lorillard, 135 NY 285, 289 [1892]).
Here, petitioners have neither alleged nor demonstrated that the Legislature acted in ignorance of the specific provisions of the Living Wage Law when it enacted the Wage Parity Law or, conversely, that reasonable legislators would not have enacted the statute had it incorporated the explicit language of the Living Wage Law (see North Shore Child Guidance Assn. v Incorporated Vil. of E. Hills, 110 AD2d 826, 829 [1985], appeal dismissed 69 NY2d 707 [1986]). Indeed, the statute is “otherwise complete and contains all the information required for intelligent and discrete action by the Legislature” (Matter of Medical Socy. of State of N.Y. v State of N.Y. Dept. of Health, 83 NY2d at 453), and petitioners have failed to overcome the presumption of its validity.
Petitioners next argue that the Wage Parity Law extends the reach of New York City’s Living Wage Law into the adjoining counties, thereby violating the home rule provision of NY Constitution article IX, which states that “a local government shall not have power to adopt local laws which impair the powers of any other local government” (NY Const, art IX, § 2 [d]). Notably, however, “the home rule provisions of article IX do not operate to restrict the Legislature in acting upon matters of [s]tate concern” (Matter of Kelley v McGee, 57 NY2d 522, 538 [1982]; see City of New York v Patrolmen’s Benevolent Assn. of City of N.Y., 89 NY2d 380, 389 [1996]; Patrolmen’s Benevolent Assn. of City of N.Y. v City of New York, 285 AD2d 52, 55-56 [2001], mod 97 NY2d 378 [2001]). As noted above, the Wage Parity Law regulates Medicaid reimbursement, which is a matter of state, rather than local, concern (see 42 USC § 1396 et seq.; Social Services Law § 363 et seq.; Matter of Medicon *157 Diagnostic Labs. v Perales, 74 NY2d at 545), and the home rule provisions therefore do not apply.
Petitioners’ substantive due process claim also fails, as they are unable to establish a “cognizable . . . vested property interest” (Matter of Raynor v Landmark Chrysler, 18 NY3d 48, 59 [2011] [internal quotation marks and citation omitted]; see Matter of Collins v Dukes Plumbing & Sewer Serv., Inc., 75 AD3d 697, 702 [2010], affd 17 NY3d 906 [2011]). Medicaid providers have “no property interest in or contract right to reimbursement at any specific rate or, for that matter, to continued participation in the Medicaid program at all” (Matter of Rye Psychiatric Hosp. Ctr. v State of New York, 177 AD2d 834, 835 [1991], lv denied 80 NY2d 751 [1992]; see Matter of Bezar v New York State Dept. of Social Servs., 151 AD2d 44, 49 [1989]).
Finally, we are unpersuaded by petitioners’ challenge to DOH’s interpretation of the term “total compensation” as it is contained in the Wage Parity Law.[4] DOH interprets total compensation as encompassing two components, a cash wage rate and a separate supplement rate, with the latter including either additional cash, fringe benefits, or a combination thereof. According to petitioners, DOH improperly construed the statute to mean that employers are precluded from using the value of benefits to offset cash wages. However, because this construction is consistent with the structure of New York City’s Living Wage Law (see Administrative Code § 6-109 [b]), we find it to be rational inasmuch as any reduction of the cash wage rate below the floor provided for in the Living Wage Law would frustrate the legislative goal of achieving wage parity among home care workers throughout the metropolitan New York area (see Matter of Brooklyn Assembly Halls of Jehovah’s Witnesses, Inc. v Department of Envtl. Protection of City of N.Y., 11 NY3d 327, 334 [2008]; Samiento v World Yacht Inc., 10 NY3d 70, 79 [2008]). Accordingly, we defer to DOH’s interpretation of the statute.
Rose, J.P., Spain and Egan Jr., JJ., concur.
Ordered that the order and judgment is affirmed, without costs.

. Public Health Law § 3614-c phases in parity over a period of several years by, among other things, setting compensation rates at a gradually increasing percentage of the rates established in the Living Wage Law.

. NY Constitution, article III, § 1 provides: “The legislative power of this state shall be vested in the senate and assembly.”

. NY Constitution, article III, § 16 states: “No act shall be passed which shall provide that any existing law, or any part thereof, shall be made or deemed a part of said act, or which shall enact that any existing law, or part thereof, shall be applicable, except by inserting it in such act.”

. “ ‘Total compensation’ means all wages and other direct compensation paid to or provided on behalf of the employee including, but not limited to, wages, health, education or pension benefits, supplements in lieu of benefits and compensated time off” (Public Health Law § 3614-c [1] [b]).