*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 22, 2015                    520540
_____

ROBERT L. SCHULZ et al.,
                    Appellants,
                    et al.,
                    Plaintiffs,
        v                                    OPINION AND ORDER

STATE OF NEW YORK EXECUTIVE,
    ANDREW CUOMO, GOVERNOR,
    et al.,
                    Respondents.
_____


Calendar Date:   September 14, 2015

Before:  Egan Jr., J.P., Rose, Lynch and Devine, JJ.

                    _____


        Robert L. Schulz, Queensbury, appellant pro se.

        Jeffrey Gaul, Schenectady, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Victor
Paladino of counsel), for respondents.

                    _____


Devine, J.

        Appeal (transferred to this Court by order of the Court of
Appeals) from a judgment of the Supreme Court (McNamara, J.),
entered April 21, 2014 in Albany County, which, among other
things, granted defendants' motion for summary judgment
dismissing the complaint.


        On January 14, 2013, at the request of both the Senate and
Assembly, respondent Governor issued a message of necessity to

the Legislature, setting forth facts which, in his opinion, necessitated an immediate vote by both houses on the New York Secure Ammunition and Firearms Enforcement Act (hereinafter the SAFE Act). The SAFE Act was passed by the Senate later that day and by the Assembly on January 15, 2013, and it was signed into law by the Governor on January 15, 2013 (see L 2013, ch 1).

Plaintiffs Robert L. Schulz and Jeffrey Gaul, as well as numerous others, commenced this action and argued that the SAFE Act was void as violative of the NY Constitution. Supreme Court denied Schulz's motion for a preliminary injunction preventing enforcement of the SAFE Act and, upon appeal, we affirmed (108 AD3d 856 [2013], lv dismissed 21 NY3d 1051 [2013]). Following joinder of issue, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion, and sundry plaintiffs appeal.[1]

We affirm. Schulz argues that the Governor's message of necessity did not comport with NY Constitution, article III, § 14, which requires that a bill be printed and placed upon the desks of legislators "at least three calendar legislative days prior to its final passage, unless the governor, or the acting governor, shall have certified, under his or her hand and the seal of the state, the facts which in his or her opinion necessitate an immediate vote thereon." The constitutional language accordingly requires that the Governor set forth some facts in a message of necessity, but "the sufficiency of [those] facts . . . is not subject to judicial review" (Maybee v State of New York, 4 NY3d 415, 418 [2005]; see 108 AD3d at 857). Contrary

_____

[1] While the notice of appeal is purportedly filed on behalf of all plaintiffs, and is signed by many of them, only Schulz and Gaul have filed briefs on appeal. Schulz and Gaul are not admitted to practice law in this state and, accordingly, lack authority to represent the other plaintiffs upon this appeal (see Judiciary Law § 478; Matter of Schulz v New York State Dept. of Envtl. Conservation, 186 AD2d 941, 942 n [1992], lv denied 81 NY2d 707 [1993]). Thus, we deem the appeal to have been abandoned by all plaintiffs except Schulz and Gaul (see Gapihan v Hemmings, 121 AD3d 1397, 1398 n 2 [2014]).

to the contention of Schulz, heightened review of the facts justifying the message of necessity is not required, even though the SAFE Act impacts upon fundamental rights (see 108 AD3d at 858 n 2). Inasmuch as the message of necessity here provided a factual justification, Supreme Court was correct in holding that no further judicial review was warranted (see Maybee v State of New York, 4 NY3d at 417).

As for the substance of the legislation, the SAFE Act expanded the definition of assault weapon and, in so doing, effectively "criminaliz[ed] the possession of a greater number of guns or otherwise restrict[ed] them, . . . [although] a grandfather provision was also included that permitted certain individuals who possessed 'assault weapons' . . . before the January 15, 2013 effective date to lawfully continue to possess" them subject to registration (Kampfer v Cuomo, 993 F Supp 2d 188, 190-191 [ND NY 2014]; see Penal Law § 265.00 [22], as amended by L 2013, ch 1, § 37). The SAFE Act also retooled the definition of large capacity ammunition feeding devices "to include, among other things, devices with a capacity of ten or less rounds of ammunition, but 'containing more than seven rounds of ammunition,' or those obtained after the effective date that have 'a capacity of, or that can be readily restored or converted to accept, more than seven rounds of ammunition'" (Kampfer v Cuomo, 993 F Supp 2d at 191, quoting L 2013, ch 1, § 38; see Penal Law § 265.00 [23]).

Schulz and Gaul argue that the affected weapons and feeding devices are in common use in New York and that restricting the possession of those items offends the right to keep and bear arms for self-defense guaranteed by the Second Amendment of the US Constitution. Defendants assert that this argument is unpreserved but, given that it was arguably raised in the complaint and was certainly addressed before Supreme Court by both defendants and the court, we do not agree. That being said, "[l]egislative enactments enjoy a strong presumption of constitutionality . . . [and] parties challenging a duly enacted statute face the initial burden of demonstrating the statute's invalidity beyond a reasonable doubt" (LaValle v Hayden, 98 NY2d 155, 161 [2002] [internal quotation marks and citations omitted]; see Matter of Concerned Home Care Providers, Inc. v State of New

York, 108 AD3d 151, 154 [2013], lv dismissed 22 NY3d 946 [2013]). Defendants invoked that presumption in their summary judgment motion and, accordingly, the burden rested on plaintiffs to raise a question as to the invalidity of the SAFE Act (see e.g. Wein v Carey, 41 NY2d 498, 505-506 [1977]). Even viewing the evidence in the light most favorable to the nonmoving parties (see Branham v Loews Orpheum Cinemas, Inc., 8 NY3d 931, 932 [2007]), we agree with Supreme Court that they failed to do so.

"[T]he Second Amendment confers a constitutionally protected individual right to keep and bear arms as a means of self-defense within the home" (People v Perkins, 62 AD3d 1160, 1161 [2009], lvs denied 13 NY3d 748 [2009]; see District of Columbia v Heller, 554 US 570, 592-595, 630 [2008]), and "the Due Process Clause of the Fourteenth Amendment incorporates" that right against the states (McDonald v City of Chicago, Ill., 561 US 742, 791 [2010]).[2] The Second Amendment does not confer "a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose," and reasonable governmental restrictions may be placed on the right to keep and bear arms (District of Columbia v Heller, 554 US at 626; see United States v Bryant, 711 F3d 364, 368-369 [2d Cir 2013], cert denied ___ US ___, 134 S Ct 804 [2013]; People v Perkins, 62 AD3d at 1161). The Supreme Court of the United States has explained that such reasonable restrictions include "longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms" (District of Columbia v Heller, 554 US at 626-627; see McDonald v City of Chicago, Ill., 561 US at 786).

We will accept, for purposes of discussion, that the SAFE

---

[2] Civil Rights Law § 4 also confers a right to keep and bear arms, and "authoritative . . . decisions construing the Second Amendment may properly be applied to the [s]tate statute in the interest of homogeneity of interpretation" (Matter of Moore v Gallup, 267 App Div 64, 67 [1943], affd 293 NY 846 [1944]; see People v Perkins, 62 AD3d at 1161).

Act substantially burdens the right to keep and bear arms so as to subject it to Second Amendment scrutiny (see New York State Rifle & Pistol Assn., Inc. v Cuomo, ___ F3d ___, ___, 2015 WL 6118288, *9, 2015 US App LEXIS 18121, *33-35 [2d Cir 2015]; United States v Decastro, 682 F3d 160, 166 [2d Cir 2012], cert denied ___ US ___, 133 S Ct 838 [2013]).  We will also assume, although it is debatable, that the weapons and feeding devices addressed by the SAFE Act are not the type of dangerous and exotic weaponry that merit no Second Amendment protection (see District of Columbia v Heller, 526 US at 627; New York State Rifle & Pistol Assn., Inc. v Cuomo, 2015 WL 6118288 at *6-7, 2015 US App LEXIS 18121 at *23-29; but see Friedman v City of Highland Park, Ill., 784 F3d 406, 407-411 [7th Cir 2015]).  The question accordingly becomes whether the challenged provisions survive intermediate scrutiny, namely, whether they "bear[] a substantial relationship to the achievement of an important governmental objective" (People v Hughes, 22 NY3d 44, 51 [2013]; see Clark v Jeter, 486 US 456, 461 [1988]).

     With regard to the objective pursued, "New York has substantial, indeed compelling, governmental interests in public safety and crime prevention" (Kachalsky v County of Westchester, 701 F3d 81, 97 [2d Cir 2012], cert denied ___ US ___, 133 S Ct 1806 [2013]; see New York State Rifle & Pistol Assn., Inc. v Cuomo, 2015 WL 6118288 at *10, 2015 US App LEXIS 18121 at *39; People v Hughes, 22 NY3d at 52).  Schulz and Gaul provided no proof to call the well-established premise behind the challenged provisions into question, namely, that the governmental interest in public safety is substantially furthered by reducing access to weapons designed to quickly fire significant amounts of ammunition and the ammunition feeding devices required to hold that ammunition (see New York State Rifle & Pistol Assn., Inc. v Cuomo, 2015 WL 6118288 at *10-11, 2015 US App LEXIS 18121 at *39-47; Friedman v City of Highland Park, Ill., 784 F3d at 410-411; Fyock v City of Sunnyvale, 779 F3d 991, 1000-1001 [9th Cir 2015]; Heller v District of Columbia, 670 F3d 1244, 1262-1264 [DC Cir 2011]).[3]  Thus, we agree with Supreme Court that "[t]he core

---

[3]  The provisions of the SAFE Act barring the use of ammunition feeding devices with more than seven rounds loaded

prohibitions . . . of assault weapons and large-capacity magazines [contained in the SAFE Act] do not violate the Second Amendment" (New York State Rifle & Pistol Assn. v Cuomo, 2015 WL 6118288 at 16, 2015 US App LEXIS 18121 at *58).

The further arguments of Schulz, to the extent that they are properly before us, have been examined and found to lack merit.

Egan Jr., J.P., Rose and Lynch, JJ., concur.

---

were declared unconstitutional by the United States Court of Appeals for the Second Circuit, which found the limit to be an unsupported limitation on the right to keep and bear arms (New York State Rifle & Pistol Assn., Inc. v Cuomo, 2015 WL 6118288 at *12, 2015 US App LEXIS 18121 at *47-48; see L 2013, ch 1, § 46-a; L 2003, ch 57, part FF, §§ 2, 4). That decision, although it serves as "useful and persuasive authority," is not binding upon us (People v Kin Kan, 78 NY2d 54, 60 [1991]; see Matter of State of New York v Daniel OO., 88 AD3d 212, 218-219 [2011], appeal dismissed 21 NY3d 1038 [2013]; Hess v Wojcik-Hess, 86 AD3d 847, 848 [2011], lv denied 18 NY3d 805 [2012]). In any case, Schulz and Gaul have not advanced any challenges specific to the seven-round limit, and we take no position as to whether it would pass muster under an intermediate scrutiny analysis.

ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court